# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH BLAJ, an individual; and SANDRA ROMERO, an individual,<br><br>　　　　　　　　　Plaintiffs,<br>　vs.<br><br>STEWART ENTERPRISES, a business entity; EL CAMINO MEMORIAL PARK & MORTUARY, a California business entity; and ELLIOT STEIN, an individual; and DOES 1 through 25, inclusive,<br><br>　　　　　　　　　Defendants. | CASE NO. 09cv0734-LAB (RBB)<br><br>**ORDER DISMISSING DEMAND FOR A JURY TRIAL AND CLAIMS FOR MONETARY RELIEF** |

At the summary judgment phase of this case, the Court dismissed Blaj's claim that Stewart fired her because of her medical condition, and it also dismissed her claim, under the Fair Employment and Housing Act, that Stewart failed to accommodate her medical condition. The Court did not dismiss, though, Blaj's ERISA claim that Stewart fired her for seeking coverage for a liver transplant under its health insurance plan. Specifically, the Court held,

> The fact is that Blaj's attempt to have CIGNA cover her ongoing care at Scripps was acrimonious and seemingly endless, and the parties tell conflicting stories about their respective roles and duties. It would not be unreasonable for a jury to conclude that Stewart developed some animosity toward Blaj as a result of her attempts to obtain coverage under its health insurance plan, and that this animosity manifested itself in the decision to terminate

her employment.

(Doc. No. 50, pp. 18–19.) Now before the Court is Stewart's motion to strike Blaj's jury demand and dismiss her claims for monetary relief. Blaj's prayer for relief seeks compensatory damages (including lost wages and economic opportunities), mental and emotional distress damages, and punitive and exemplary damages; Stewart argues these damages are not available under ERISA.

## I.   Right to a Jury Trial

Blaj's ERISA claim is based upon section 510 of the law, which provides that

> [i]t shall be unlawful for any person to discharge, fine, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan.

29 U.S.C. § 1140. This section further provides that section 502 shall govern enforcement, and under section 502(a)(3) a plan participant may only "enjoin any act or practice which violates" section 510 or "obtain other appropriate equitable relief." 29 U.S.C. § 1132(a)(3). Claims for equitable relief, however, don't trigger Blaj's constitutional right to a jury trial under the Seventh Amendment, and the Ninth Circuit has even held "plan participants and beneficiaries are not entitled to jury trials for claims brought under . . . section 502 of ERISA." *Thomas v. Oregon Fruit Prods. Co.*, 228 F.3d 991, 996 (9th Cir. 2000).

Blaj is therefore not entitled to a jury trial on her ERISA claim, and her demand for one is **STRICKEN**.[1]

//

---

[1] Blaj tries to make something out of the Court's finding, in its summary judgment order, that, "It would not be unreasonable for a jury to conclude that Stewart developed some animosity toward Blaj as a result of her attempts to obtain coverage under its health plan . . . ." (Doc. No. 50, pp. 18–19.) The Court made reference to a jury only to articulate why summary judgment of Blaj's ERISA claim was inappropriate. It did not mean to suggest that Blaj would be entitled to a jury trial on that claim. Blaj also argues that "[t]he statement acknowledges sufficient evidence of a wrongful firing in violation of public policy entitling Blaj to damages if she proves her case." (Opp'n Br. at 2.) This is false. The basis of Blaj's claim for wrongful firing in violation of public policy, which was brought under the Fair Employment and Housing Act, was Blaj's medical condition, and the Court already granted summary judgment to Stewart on this claim. (Doc. No. 50, p. 18.)

## II. Claims for Monetary Relief

The Court must now determine whether Blaj can seek monetary relief from Stewart even though ERISA section 502(a)(3) limits remedies to those that are equitable in nature. *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002). But first, the Court notes that Blaj doesn't put up a fight with respect to emotional distress and punitive damages, and indeed, those are certainly not recoverable under ERISA. *See Sokol v. Bernstein*, 803 F.2d 532, 534 (9th Cir. 1986) ("damages for emotional distress are unavailable under § 502 (a)(3)"); *Concha v. London*, 62 F.3d 1493, 1504 (9th Cir. 1995) (punitive damages unavailable under section 502(a)(3)). At issue, then, is the availability of compensatory damages, namely past and future wages as equitable relief.[2]

The Ninth Circuit, following the Supreme Court's guidance, has consistently held that the equitable relief available under ERISA does not include compensatory damages. *See McLeod v. Oregon Lithoprint, Inc.*, 102 F.3d 376, 378 (9th Cir. 1996); *Mertens v. Hewitt Associates*, 508 U.S. 248, 255–56 (1993). It has extended this holding to back pay specifically. *Zavala v. Trans-System, Inc.*, 258 Fed.Appx. 155, 157 (9th Cir. 2007). But none of the Ninth Circuit (or Supreme Court) cases on the scope of the equitable remedies available under ERISA have involved an alleged wrongful termination under section 510, and there's a plausible argument that back pay *is* equitable restitution in that context. In fact, the Sixth Circuit has held that it is. *Schwartz v. Gregori*, 45 F.3d 1017, 1022–23 (6th Cir. 1995).

//

---

[2] Blaj invites the Court's sympathy on the basis that she meant to bring a wrongful termination and discrimination action against Stewart, and has "ended up fighting an ERISA case without intending to." Opp'n Br. at 3. It is true that Blaj initially brought four claims against Stewart, none of which explicitly implicated ERISA: (1) wrongful termination in violation of public policy; (2) hostile work environment; (3) negligent infliction of emotional distress; and (4) intentional infliction of emotional distress. She conceded the evidence was insufficient to support a hostile work environment claim, and she voluntarily dismissed it. She also conceded that her emotional distress claims were preempted by ERISA, but, with the Court's permission, she bundled and rebranded them as an ERISA claim. (*See* Doc. No. 50, p. 4.) So, Blaj may not have *filed* this lawsuit expecting to litigate under ERISA, but she certainly wasn't backed into "fighting an ERISA case." When Blaj conceded her emotional distress claims were preempted by ERISA, she could have dropped those claims altogether. The fact that Blaj also brought a wrongful termination claim is also irrelevant to the question facing the Court now. It granted summary judgment to Stewart on that claim, and Blaj can't seek remedies for a claim that the Court has found lacks merit.

Stewart argues that the Supreme Court's decision in *Great-West* kills this argument and effectively overturns *Schwartz*. The relevant discussion comes in a footnote to the majority's opinion in which Justice Scalia takes on Justice Ginsburg's argument in dissent that all restitution is equitable under section 502(a)(3). *Great-West*, 534 U.S. at 218 n. 7. Justice Ginsburg noted that back pay is regarded as an equitable remedy for violations of the Civil Rights Act of 1964, and argued that ERISA shouldn't regard it any differently. Justice Scalia's response was that back pay is *part* of an equitable remedy, but isn't categorically equitable in and of itself, particularly when it is sought as "a freestanding claim for money damages." *Id. Great-West* certainly doesn't help Blaj, who does not appear to want her job back, but *Great-West* also wasn't a wrongful termination case. The plaintiff was an insurance company that wanted money back from a beneficiary who had recovered from a third-party tortfeasor. *Id.* at 207. Still, neither the Supreme Court nor the Ninth Circuit has confronted, head-on, the question whether back pay is available for ERISA plaintiffs who allege that they were wrongfully terminated for exercising their rights under an ERISA plan.

The Tenth Circuit has faced that question, however, and the Court finds its answer — no — persuasive. *See Millsap v. McDonnell Douglas Corp.*, 368 F.3d 1246 (10th Cir. 2004). The plaintiffs in *Millsap* were workers at a McDonnell Douglas airplane plant in Tulsa, Oklahoma. They alleged that the company closed the plant "to prevent [them] from attaining eligibility for benefits under their pension and health care plans." *Id.* at 1248. *Millsap* may not present the *exact* circumstances of this case — Blaj's claim is that she was fired for *seeking* benefits, the *Millsap* plaintiffs' was that they were fired so their employer could *avoid paying* benefits — but the cases do implicate the same ERISA provision. *See* 29 U.S.C. § 1140, *supra.* The district court certified the following issue for interlocutory review:

> [W]hether, in this ERISA § 510 case and as a result of *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, backpay (and, as a result, any other damages based upon backpay) are available as "appropriate equitable relief" to the class members pursuant to ERISA § 502(a)(3).

*Millsap*, 368 F.3d at 1248. The Tenth Circuit, after a thorough analysis, "easily" concluded that the plaintiffs' freestanding demand for backpay was a demand for compensatory, *legal*

relief. *Id.* at 1254. As such, it was "accordingly precluded by § 502(a)(3)'s plain terms. If exceptions to those terms are to be made, 'it is for Congress to undertake that task.'" *Id.* at 1260 (quoting *Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365, 376 (1990)). The Court sees no reason to deviate from the holding of *Millsap* on the facts of this case, and accordingly **DISMISSES** Blaj's claims for past wages. That is a freestanding claim for money damages that is not equitable relief under section 502(a)(3) of ERISA.

Future wages are a closer call. *Great-West* addresses only back pay, and front pay was off the table in *Millsap* before the Tenth Circuit took the case. Actually, *Millsap* is arguably favorable to Blaj on this issue. Front pay was off the table because the trial court found reinstatement to be impossible *and* found there was insufficient evidence that the airplane plant would still be open absent McDonnell Douglas's discriminatory conduct; the parties then settled pending judicial resolution of the back pay question. *Millsap*, 368 F.3d at 1249. The implication of this is that front pay may be an available equitable remedy where it is sought in lieu of reinstatement, and nothing in *Millsap*'s resolution of the back pay question suggests otherwise.

Other district courts have held as much even after the Supreme Court's decision in *Great-West*. *See Greenburg v. Life Ins. Co. of North America*, 2009 WL 1110331 at *3 (N.D. Cal. Apr. 23, 2009) ("Reinstatement of employment, front pay and back pay may be an appropriate remedy under § 1132(a)(3) if an employer discharges or otherwise discriminates against an employee . . . in retaliation for exercising rights under a benefit plan."); *Asgaard v. Administrator, Pension Plan for the Employees of Cleveland-Cliffs*, 2008 WL 186179 at *3 (W.D. Mich. Jan. 18, 2008) (noting "there is precedent for the possibility of equitable relief such as reinstatement, reformation, and front pay"). *But see Hicks-Wagner v. Qwest, Inc.*, 462 F.Supp.2d 1163, 1170–71 (D. N.M. 2006) (front pay not available as equitable relief in wrongful termination ERISA case); *Serpa v. SBC Communications, Inc.*, 318 F.Supp.2d 865 (N.D. Cal. 2004) (front pay for woman who alleged she was duped into early retirement was equitable restitution and unavailable under ERISA and *Great-West*).

//

While other courts appear not to have taken the issue into account, it seems relevant to the classification of Blaj's demand for future wages whether she is, or could be, working again. ERISA aims "to make the plaintiffs whole, but not to give them a windfall." *Jones v. UNUM Life Ins. Co. of America*, 223 F.3d 130, 139 (2d Cir. 2000). If Blaj found work shortly after she was terminated by Stewart, and if she's been gainfully employed ever since, a request for future wages would be a request for precisely the kind of money damages that are "the classic form of *legal* relief" and therefore unavailable as an equitable remedy under ERISA. *Great-West*, 534 U.S. at 205. But if her termination was wrongful and she still has not found work, future wages could reasonably be considered equitable restitution in lieu of reinstatement. "In determining whether an action for equitable relief is properly brought under ERISA, we look to the substance of the remedy sought . . . rather than the label placed on that remedy." *Westaff (USA) Inc. v. Arce*, 298 F.3d 1164, 1166 (9th Cir. 2002). Surveying the factual record in the case, the Court will give Blaj the benefit of the doubt. She testified in her deposition that she has not worked since she was terminated by Stewart, that she is able and willing to work, and that she has made some minimal effort to find work. (Blaj Dep. p. 59–60.) If Blaj's termination was indeed wrongful under ERISA, she may be entitled to front pay as equitable relief in lieu of reinstatement. Given that reinstatement is the true equitable remedy, however, it seems the appropriate thing to do is allow Blaj to amend her complaint to add a demand for reinstatement. If she prevails on that claim, and if reinstatement is not possible, *then* Blaj may be entitled to future damages.[3] Blaj must amend her complaint to add a reinstatement demand within 7 calendar days of the date this Order is entered.

### III. Conclusion

This is not the first time a court has been forced to deny remedies to an ERISA plaintiff with a potentially successful claim. *See Bast v. Prudential Ins. Co. of America*, 150 F.3d 1003, 1009 (9th Cir. 1998) (estate of woman whose potentially life-saving medical

---

[3] The parties may, of course, choose to settle this case before the Court tries Blaj's claim, and if they don't, the Court would invite argument from Blaj that she can seek front pay even when reinstatement is possible.

procedure was not approved in time had no remedy under ERISA). The Tenth Circuit in *Millsap* even expressed sympathy for the plaintiff's situation. 368 F.3d at 1260. *See also Aetna Health Inc. v. Davila*, 542 U.S. 200, 222 (2004) ("A series of the Court's decisions has yielded a host of situations in which persons adversely affected by ERISA-proscribed wrongdoing cannot gain make-whole relief.") (Ginsburg, J., concurring). The Court previously found Blaj has only one potential claim against Stewart, and the Court now finds that *that* claim, if meritorious, would entitle her to front pay only in lieu of the equitable remedy of reinstatement. Blaj's request for monetary relief is therefore **DISMISSED IN PART**. Stewart's request for attorney's fees is, at this time, **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**.

DATED: February 11, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge